UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENSIN JACOBO FORD DICANS,

v.  Case No. 8:04-cr-336-T-17MSS
 8:06-cv-1797-T-17MSS

UNITED STATES OF AMERICA.
_____

**O R D E R**

Defendant Dicans moved to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Doc. cv-1; cr-295. The Government filed a response in opposition to the motion to vacate. Doc. cv-8. Dicans did not file a reply to the response. A review of the record demonstrates that Dicans' motion to vacate must be **denied**.

Background

On August 5, 2004, Dicans and five others were indicted on one count of conspiring to possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine; and one count of possessing with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, both counts while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 Appendix, U.S.C. §§ 1903(a) and 1903(g) and Title 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. cr-1).

On November 30, 2004, after entering into a plea agreement with the Government (Doc. cr-93), Dicans pled guilty to Count One. Doc. cr-99. As part of his plea agreement, Dicans expressly waived the right to appeal his sentence, "directly or collaterally, on any

ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines . . . ." Doc. cr-93 at 12.

During Dicans' change-of-plea hearing, the magistrate judge reviewed with him his sentence appeal waiver and confirmed that he understood the consequences of that waiver:

> The Court: Now, there is also the standard waiver of the right to appeal that's contained in the plea agreement on page 12. This provision requires you to give up your right to file any appeal in this case except in very limited circumstances. That is, in the typical case when a defendant is charged and convicted after a jury trial, the defendant has almost as a matter of right the ability to take their case to a higher court to have that court consider what the lower court has done, to decide whether it's correct.
>
> By signing this plea agreement you will not be allowed to file any such appeal except in three limited circumstances. First, if the government for some reason were to appeal your sentence, you would have the right to file a cross-appeal of your sentencing challenging it except that you could not challenge the constitutionality of the sentence even if the government were to appeal. Do you understand that, . . . Mr. Dicans?
>
> Dicans: Yes.
>
> The Court: In addition, if the court were to impose a sentence against you that exceeded the statutory or guideline maximums, then you could file an appeal of that sentence claiming it to be excessive. Do you understand that, . . . Mr. Dicans?
>
> Dicans: Yes.

> The Court: And, thirdly, if the court were to impose a sentence that violated the law in some way other than in the calculation of the guidelines, you could file an appeal of that sentence claiming it to be illegal. Do you understand that, . . . Mr. Dicans?
>
> Dicans: Yes.
>
> The Court: But if the court makes an other error in any other way or the government does anything that you disagree with, you cannot take an appeal of those actions unless they fall within the three categories I have just described. If you attempt to take an appeal in any other circumstance, it is likely that the appeals court will not even look at the merits of your appeal because the Court will throw it out on procedural grounds because you have give up your right to file an appeal in this waiver. Do you understand that, . . . Mr. Dicans?
>
> Dicans: Yes.

Doc. cr-300 at 22-24. The court found Dicans to be competent, to have given a knowing and voluntary plea of guilty and to have stated sufficient facts in support of the charge. Doc cr-300 at 41. As a result the magistrate judge recommended the Court accept the plea. Doc. cr-300 at 41-42.

On June 7, 2005, Dicans was adjudicated guilty by the District Court Judge. Doc. cr-147. Although Dicans' guidelines range was determined at 135 to 168 months, the court granted the government's downward departure motion pursuant to Rule 5K1.1, and sentenced Dicans to 108 months imprisonment with credit for time served followed by 60 months of supervised release. Docs. cr-180 and 187.

On September 29, 2006, Dicans timely filed the current section 2255 motion. Doc. cv-1 and 2.  In his motion, Dicans raises the following issues:

a. The Court erred in not granting Dicans a two level decrease for minor role. Doc. cr-2 at 8-12.

b. Dicans' sentence was unreasonable. Doc. cr-2 at 13-14.

c. The Court abused its discretion and committed error in finding and sentencing Dicans to a quantity of drugs neither charged in the Indictment nor admitted to by Dicans. Doc. cr-2 at 15-20.

d. The court did not have subject matter jurisdiction when the Indictment failed to charge a specific drug quantity as an element of the offense charged. Doc. cr-2 at 20-21.

Although Dicans did not raise an issue of ineffective assistance of counsel for failure to file an appeal, Dicans does mention in his petition that he requested that his court appointed attorney file a Notice of Appeal, but that it was not done. Doc. cv-2 at 4. The Court ordered Dicans' lawyer to provide the Court with an affidavit if he contested this allegation. Doc. cv-4. Attorney Scott Robbins' does contest this allegation and has provided an Affidavit as requested by the Court. The affidavit and it's enclosure is included as Attachment 1 to the Government's Response.

### Waiver

This Court is required to dismiss a section 2255 motion, without requiring the Government to file an answer, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Moreover, if it is clear from the plea agreement and the Rule 11 colloquy that the defendant knowingly and voluntarily waived his right to collaterally attack his sentence, "that waiver should be enforced without requiring the Government to brief the merits of the section 2255

motion." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (addressing appeal waiver).

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For this Court to enforce such a waiver, the Government need only demonstrate either (1) that the district court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the complaint underlying the ineffective assistance claim was waived by a

5

defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers). For the reasons explained below, the record plainly demonstrates that Dicans waived his right to collaterally challenge his sentence.

In this case, Dicans expressly waived his right to appeal his sentence "directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." Doc. cr-93 at 12. Furthermore, he confirmed at his change-of-plea hearing that he understood the waiver, and he knowingly and voluntarily waived his right to collaterally challenge his sentence. Doc. cr-300 at 22-25. In addition, Dicans' counsel discussed the waiver of appeal with his client on numerous occasions. See Attachment 1 to the Government's response. Therefore, Dicans may not collaterally challenge his sentence, as he purports to do here. *See Williams*, 396 F.3d at 1342. In *Williams*, the Eleventh Circuit held that a plea-agreement waiver provision identical to one at issue here "preclude[d] a § 2255 claim based on ineffective assistance at sentencing"). *Id.*

For this Court to entertain the issues that Dicans raises in this collateral attack would permit Dicans a challenge in contravention of the plain meaning of his plea agreement and deny the Government the benefit for which it bargained. *See Buchanan*, 131 F.3d at 1008;

6

Case 8:06-cv-01797-EAK-MSS   Document 9   Filed 09/10/07   Page 7 of 11 PageID 71

*see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions, "he cannot have his cake and eat it too").[1] Here, Dicans admitted his guilt and agreed not to collaterally attack his sentence in exchange for the Government's agreement to, among other things, move for dismissal of count two, recommend a three-level downward adjustment for acceptance of responsibility, not oppose application of the "safety valve" provision or a sentence at the low end of the guidelines range and the possibility of a departure based on substantial assistance, all of which he received at sentencing. See Doc. cr-93 and cr-187. Dicans should not be permitted to circumvent the unambiguous terms of his plea agreement.

## Failure to File a Notice of Appeal

Although Dicans has not made an ineffective assistance of counsel claim for failure to file an appeal, he mentions in one quick sentence, without any supporting facts or evidence, that he asked his counsel to file an appeal and he failed to do so. Doc. cv-2 at 4. Hence the Court has ordered Dicans' counsel to provide an affidavit if he were to contest this claim.

A claim that counsel rendered ineffective assistance by failing to perfect an appeal is subject to the test established in *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court "h[eld] that this test applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice

---

[1] *See Nunez v. United States,* --- F.3d ---, 2007 WL 2177125 (7th Cir. 2007)(When a defendant violates a plea agreement by appealing despite a promise not to do so, the prosecutor may withdraw concessions made as part of the bargain*.); United States v. Whitlow,* 287 F.3d 638 (7th Cir. 2002) (defendant's breach of promise in plea agreement not to appeal except as to issue of which of two versions of the Sentencing Guidelines applied would entitle prosecutor on remand to reinstate any of charges that were dismissed pursuant to the plea agreement); *United States v. Hare*, 269 F.3d 859 (7th Cir. 2001)

of appeal." This test requires a case-by-case set of inquiries. *Fores-Ortega*, 528 U.S. at 477-86. Failure to file a notice of appeal is not deficient performance per se, and, when failure to file a notice of appeal amounts to deficient performance, prejudice does not result per se. *Id.*

To determine whether failure to file a notice of appeal amounts to deficient performance, a court must first resolve the question of whether counsel consulted with the defendant about an appeal. *Fores-Ortega*, 528 U.S. at 477-81. If counsel did consult with the defendant, counsel performed in a professionally unreasonable, and, therefore deficient, manner only if counsel failed to follow the defendant's express instructions with respect to an appeal. *Id*. If counsel did not consult with the defendant, the court must resolve the question whether counsel had a "duty to consult" with the defendant about an appeal. *Id.* Counsel has a "constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 479-80. "In making this determination, the court must take into account all the information counsel knew or should have known." *Id.* Highly relevant factors include whether the conviction resulted from a trial or a plea and whether the defendant expressly waived his appellate rights. *Id.*

Because the failure to file a notice of appeal results not in the denial of a fair proceeding but in the denial of a proceeding altogether, to demonstrate prejudice, the defendant merely must demonstrate that, but for his counsel's omission, there is a reasonable probability that he would have timely appealed. *Flores-Ortega*, 528 U.S. at 480-82. If a defendant can make this showing, he is entitled to a belated appeal without regard

to the merits of his forfeited appeal.[2] *Flores-Ortega*, 528 U.S. at 481-82. While demonstration of nonfrivolous grounds for appeal "will often be highly relevant" to this determination, failure to demonstrate nonfrivolous grounds for appeal does not foreclose the possibility that a defendant may establish prejudice. *Flores-Ortega*, 528 U.S. at 483-86. Significantly, evidence that a defendant "sufficiently demonstrated to counsel an interest in an appeal . . . alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal. *Flores-Ortega*, 528 U.S. at 486. Thus, evidence that a defendant "sufficiently demonstrated to counsel an interest in an appeal" alone does not demonstrate prejudice–this is so because reasonable advice from counsel not to appeal may have caused the defendant to decide not to request an appeal.

As previously discussed Dicans in this case plead guilty, waived his right to appeal his sentence, directly or collaterally, and received a very favorable sentence. While Dicans need not allege meritorious grounds in order to establish any prejudice resulting from counsel's failure to appeal, that Dicans received a favorable sentence and had no viable grounds for appeal made it reasonable for Dicans' counsel to conclude that a rational defendant would not want to appeal. *See Flores-Ortega*, 528 U.S. at 478-80.

Even though it was reasonable for counsel to conclude that his client did not want to appeal, in an abundance of caution, counsel discussed with his client the appeal waiver prior to and after sentencing. (Attachment 1 to the Government's Response at 2-3). Dicans

---

[2] Should a defendant be granted a belated appeal because of trial counsel's failure to file a notice of appeal and should appellate counsel determine that no meritorious issue existed to present, appellate counsel would be obligated to file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

understood that his sentence did not meet any of the specific exceptional circumstances enumerated in the plea agreement that would entitle him to appeal his sentence. Dicans indicated that he was in agreement with the assessment that no appeal should be filed and he did not request an appeal. Id. at 3. Counsel also wrote Dicans a letter in Spanish confirming their conversation. (See Attachment 1 at 4-6). The record does not establish that Dicans expressed a desire to appeal; to the contrary, it is clear that this issue was discussed and settled. Therefore, Dicans has not established that, by his actions, he reasonably demonstrated his desire to appeal before the time for filing an appeal had passed. Accordingly, the record does not support a finding that Dicans' counsel performed deficiently by failing to follow Dicans' alleged request to file an appeal.

Accordingly, the Court orders:

That Dicans' motion to vacate (Doc. cv-1; cr-295) is denied. The Clerk is directed to enter judgment against Dicans in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston
Densin Jacobo Ford Dicans